**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALLEN R. DAVISON; SHARON L.
DAVISON,

    Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

    Respondent - Appellee.

No. 24-9000
(CIR No. 13711-18L)
(United States Tax Court)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

    Allen R. Davison and Sharon L. Davison (Appellants) appeal a United States

Tax Court decision granting summary judgment for the Commissioner and upholding

collection actions by the Internal Revenue Service (IRS) related to tax years 2004

and 2005.  Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.     **Background**

A.     **Stipulations Regarding Tax Years 2004 and 2005**

Appellants' joint tax returns for 2004 and 2005 each scheduled net losses from various pass-through entities and reported negative adjusted gross income and $0 in taxes due.  The IRS audited these returns and issued notices of deficiency, which Appellants challenged in the Tax Court.  Appellants' 2004 and 2005 tax liabilities were then resolved by stipulated decisions in 2011.

B.     **Nonpayment and Collection Due Process Hearings**

Appellants did not pay their tax assessments for these tax years.  Including interest and penalties, the total amounts owed were $138,606 for 2004 and $815,915 for 2005.  The IRS issued Notices of Federal Tax Liens and Final Notices of Intent to Levy for the unpaid deficiencies.  Appellants requested collection due process (CDP) hearings.

The hearing requests were assigned to a Settlement Officer, who explained to Appellants that, although they could not challenge their stipulated tax liabilities in the CDP hearings, an exception permitted them to assert claims related to net operating losses (NOLs) in other tax years.  Appellants contended they could use such NOLs as deductions to eliminate their previously stipulated tax liabilities in 2004 and 2005.  Their claimed losses were from several partnership entities.

The Settlement Officer requested financial information from Appellants.  They provided none of this information before the CDP hearings.  Although Appellants

2

subsequently provided other information to the IRS, they did not submit evidence

substantiating their NOL claims.

After extensive review by an Appeals Officer and a Revenue Agent, the Office

of Appeals issued notices of determination concluding Appellants had no right to any

NOL deductions for 2004 and only one NOL deduction for 2005, which was carried

back from 2010.  The result was an abatement of $36,104 in their outstanding

$815,915 tax liability for 2005, and a reduction of $8,664.96 in a late-payment

penalty.

### C.    Tax Court Proceedings

Appellants petitioned for review by the Tax Court.  The Commissioner moved

for summary judgment, arguing the Office of Appeals properly determined

Appellants' liabilities and did not abuse its discretion in any administrative

determination.  The Tax Court concluded there was no disputed issue of material fact

with respect to the outstanding balances or the Commissioner's determinations.

As relevant to this appeal, the Tax Court concluded that Appellants failed to

produce credible evidence for their NOL claims, did not show they complied with all

of the statutory substantiation requirements, and had not cooperated with the

Commissioner's requests for information or documents.[1]  The court also rejected

---

[1] The Tax Court made these findings in rejecting Appellants' argument that the burden of proof on certain issues shifted to the Commissioner under 26 U.S.C. § 7491(a).  Because Appellants do not mention this burden-of-proof ruling in their opening appeal brief, we decline to consider it.  *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

specific NOL claims based on Appellants' failure to present substantiating evidence. In particular, it held that tax returns "cannot be used to substantiate a claimed NOL" because they "merely represent statements of a taxpayer's position." Aplt. App. at 19[2] (citing *Benavides & Co., P.C. v. Comm'r*, 118 T.C.M. (CCH) 221, at \*17 (2019)). The Tax Court also held that evidence of promissory notes could not substantiate Appellants' basis in two partnership entities when they did not provide copies of cancelled checks or other evidence that the funds were paid.[3]

The Tax Court also rejected Appellants' contention that the IRS entered into and then breached an agreement with them. The relevant document is a fax addressed to Mr. Davison from an Appeals Officer, dated July 25, 2011, with the subject "Settlement Proposal." Aple. Suppl. App. at 175 (all-caps omitted). The Tax Court rejected Appellants' contract argument, concluding that the document "phrased the proposal in the conditional, leaving open the possibility of applying NOLs, should any losses exist." Aplt. App. at 20. The court explained that the relevant

---

[2] Appellants' appendix is unconventionally paginated. For clarity, we cite the numbers in the top right-hand corner.

[3] As to lack of cooperation, the Tax Court noted that Appellants never provided information and documentation requested by the Settlement Officer, including a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, proof of current estimated tax payments, and their 2015 tax return; they did not call in to the telephone CDP hearing on tax year 2005; and they failed to provide the Revenue Agent with NOL calculations or adequate substantiating documentation despite multiple requests.

partnership's tax case for 2002 and 2003 was later resolved and that "no losses existed to carry forward to 2005." *Id.*

Appellants asserted that the IRS acted outside its statutory authority in denying their NOL claims, citing the Supreme Court's decision in *West Virginia v. E.P.A.*, 597 U.S. 697 (2022). The Tax Court noted that they raised this issue for the first time in an unauthorized and untimely amendment to their reply to the summary judgment motion. But choosing to address the contention, the court held that Congress clearly authorized the Commissioner's collection authority under chapter 64 of the Internal Revenue Code, *see* 26 U.S.C. §§ 6301-6344. The Commissioner also reviewed Appellants' claims and allowed NOL carrybacks to the extent substantiated.

Finally, the Tax Court held it could not consider some of the issues Appellants raised. It precluded them from challenging their underlying tax liabilities on grounds unrelated to their NOL claims. *See* 26 U.S.C. § 6330(c)(2)(B) (permitting CDP hearing challenges to underlying tax liability only absent notice and a prior opportunity to dispute); *Keller Tank Servs. II, Inc. v. Comm'r*, 854 F.3d 1178, 1188 (10th Cir. 2017); *Amanda Iris Gluck Irrevocable Tr. v. Comm'r*, 154 T.C. 259, 266-69 (2020) (allowing CDP hearing challenge to underlying tax liability based on NOL claims in absence of prior opportunity to dispute). Citing *Giamelli v. Comm'r*, 129 T.C. 107, 114-16 (2007), the court also held that Appellants could not raise issues they failed to assert in their CDP proceedings. The precluded issues included Appellants' contention regarding a $625,000 flock contract deduction for tax year

2005 and their argument that collection by the Commissioner was barred by the ten-year statute of limitations in 26 U.S.C. § 6502(a)(1).[4]

The Tax Court granted the Commissioner's summary judgment motion, entered judgment sustaining the Notices of Determination, and ordered that the Commissioner may proceed with the proposed collection actions for Appellants' 2004 and 2005 tax years.

## II.    Discussion

An appellant bears specific burdens as provided in the Federal Rules of Appellate Procedure, this court's local rules, and our caselaw. As we will explain, the extent of the deficiencies in Appellants' opening brief in this appeal persuade us to conclude that they have waived appellate review.

### A.    Appellate Briefing Requirements

A counseled appellant has the duty to provide an adequate record on appeal.[5] 10th Cir. R. 10.4(A); 10th Cir. R. 30.1(B)(1). This court may decline to consider an issue where the asserting party fails to provide an adequate appendix. 10th Cir. R. 10.4(B). An appellant also must support his contentions of error with record citations. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015); Fed. R. App. P. 28(a)(8)(A) (requiring "citations to the . . . parts of the record on

---

[4] The Tax Court also noted that Appellants provided no argument or evidence supporting a flock contract deduction. And it concluded their statute-of-limitations argument lacked merit because the limitations period on collection is suspended while CDP hearings and appeals are pending. *See* 26 U.S.C. § 6330(e)(1).

[5] Mr. Davison is a pro se attorney.

which the appellant relies"). Absent such citations, this court will not independently search the record to find support for an argument. *See Phillips v. James*, 422 F.3d 1075, 1081 (10th Cir. 2005). Briefs must also "cite the precise references in the record where the issue was raised and ruled on." 10th Cir. R. 28.1(A). We may decline to consider an argument when the appellant does not satisfy this requirement. *See Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1540 n.3 (10th Cir. 1996).

An appellant must support his arguments with legal authority. *United States v. Banks*, 451 F.3d 721, 728 (10th Cir. 2006); Fed. R. App. P. 28(a)(8)(A). And "[t]he first task of an appellant is to explain to us why the [lower] court's decision was wrong." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (declining to address issue where appellant failed "to explain what was wrong with the reasoning that the district court relied on in reaching its decision"). Moreover, "perfunctory" allegations of error that "fail[] to frame and develop an issue" are insufficient "to invoke appellate review." *Kelley v. City of Albuquerque*, 542 F.3d 802, 819 (10th Cir. 2008) (internal quotation marks omitted); *see also Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) (indicating "[a]rguments inadequately briefed in the opening brief are waived").

## B.    Appellants' Deficient Briefing

Appellants fail to satisfy the record-related requirements in several respects. First, they submitted an inadequate appendix consisting of only the Tax Court's decision and their post-judgment motion for reconsideration, which is not at issue in

7

this appeal. *See* 10th Cir. R. 10.4(C), (D)(2) (listing required contents).[6]  Second,

Appellants include no citations to the record supporting their arguments in their

opening brief.  For instance, Appellants broadly assert, without any reference to the

record, that they provided evidence, documents, and testimony substantiating their

NOL claims.  They also contend that a loss in tax year 2006 was available for

carryback to the tax years at issue but they point to nothing in the record showing

such a loss.[7]  Third, Appellants fail to indicate where in the record their issues were

raised and ruled on by the Tax Court.  Representative is their assertion of a violation

of their constitutional right to equal protection—a contention the Tax Court did not

address.  Based on these shortcomings alone, we could decline to consider this

appeal.

   In addition, Appellants repeatedly assert error but fail to explain why the Tax

Court's reasoning was wrong.  They do not acknowledge the Tax Court's bases for

holding that the tax returns and promissory notes they submitted could not

substantiate their NOL claims.[8]  They "take exception to the Tax Court finding that

[they] failed to cooperate," asserting that "nothing could be further from the truth."

---

[6] Although not required to do so, the Commissioner submitted a supplemental appendix.  *See* 10th Cir. R. 30.2(A)(1).

[7] The Tax Court found that Appellants "stipulated deficiencies for tax year[ 2006], over and above the losses claimed on their returns."  Aplt. App. at 7 n.8.

[8] Having failed to shift the burden to the Commissioner under 26 U.S.C. § 7491(a), Appellants bore the burden of establishing the existence of an NOL and the amount that may be carried over to the year involved.  *See Keith v. Comm'r*, 115 T.C. 605, 621 (2000).

Aplt. Opening Br. at 23.  But they do not challenge the facts regarding their lack of cooperation that the Tax Court found were undisputed.  Appellants also fail to address that court's bases for rejecting their breach-of-contract claim, or its reasons for concluding their argument based on *West Virginia v. E.P.A.* was unauthorized, untimely, and without merit.  And Appellants ignore that the Tax Court precluded them from raising issues they failed to argue in the CDP proceedings or that were unrelated to their NOL claims.

What's more, Appellants' contentions are rife with sweeping statements and perfunctory, undeveloped arguments.  They describe in vague and general terms the relevancy of the Taxpayer Bill of Rights, what they consider a "ripple effect," the doctrine of economic reality, and the duty of consistency, without citation to authority or assertion of any error in the summary judgment decision.  Appellants even express their own confusion regarding their actual remaining liability for the 2004 and 2005 tax years.  This court will not craft legal arguments for them.  *Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999).[9]

As illustrated, the deficiencies in Appellants' briefing in this appeal are many and varied, and under the court rules and decisions cited, these inadequacies constitute sufficient grounds to conclude that Appellants have altogether waived appellate review.  Although we retain discretion to nonetheless "scrutinize the merits

---

[9] To the extent that Appellants seek to remedy in their reply brief the deficiencies in their opening brief, their effort comes too late.  *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).  We also note that Appellants' reply brief is also devoid of any citation to the record on appeal.

of the case insofar as the record permits," *N.M. Farm & Livestock Bur. v. U.S. Dep't of Interior*, 952 F.3d 1216, 1230 (10th Cir. 2020) (internal quotation marks omitted), we decline to do so here.

### III.    Conclusion

We affirm the judgment of the Tax Court.

Entered for the Court

Joel M. Carson III
Circuit Judge